## SLOAN VALVE CO. v. JOHN DOUGLAS CO. et al.

(District Court, N. D. Illinois, E. D. January 4, 1926.)

### No. 3835.

1. **Patents �köö328—Sloan patent, 1,114,398, claim 2, relating to flush valve for water-closet bowl, held valid and infringed.**

Sloan patent, No. 1,114,398, claim 2, relating to valve connected directly with water main to flush water-closet bowl, *held* valid and infringed.

2. **Patents ⊖ö234—Infringer cannot escape by giving new names to patented things.**

In determining infringement, it is structures and their functions that are compared, and not names of parts thereof, and infringer cannot escape by giving new or different names to patented things.

In Equity. Suit by the Sloan Valve Company against the John Douglas Company and another. Decree for plaintiff.

Parker & Carter, of Chicago, Ill., for plaintiff.

Walter F. Murray, of Cincinnati, Ohio, for defendants.

CARPENTER, District Judge. [1] Sloan patent in suit, issued by United States Patent Office the 20th of October, 1914, No. 1,114,398, describes and claims a valve adapted to be connected directly with the water main for the purpose of discharging a quantity of water into a water-closet bowl to flush it, and claim 2, the only one here involved, relates to a nonhold open flush valve, which, when actuated to flush the bowl, cannot be operated so as to waste water. Defendants charged with infringement.

This patent concerns a main valve, an

auxiliary valve, and a laterally movable, longitudinally sliding, part, which is moved laterally by means of an exterior handle, and which opens the auxiliary valve. This action causes a release of the pressure above the main valve, which then automatically opens, and the parts are carried through their cycle of operation until both the main valve and the auxiliary valve are closed, and this closure occurs, regardless of the position in which the handle is held. The defendants do not claim that the Sloan patent is anticipated, and have produced no patents which they rely upon as anticipations, or as negativing novelty. Their position is that they do not infringe claim 2.

The record shows that Sloan was the first in the art to utilize a laterally movable, longitudinally sliding, part to open the auxiliary valve, and to prevent the auxiliary valve and the main valve from being held open. This construction appears to have solved the problem satisfactorily for the trade, and while the record shows that no large number of any other flush valves of this type have been actually put in use, the plaintiff's sales of the Sloan valves amounted to over $9,500,000 since 1909 to May, 1925.

The defendant, the John Douglas Company, prior to its manufacture of the form of valve involved in this suit, was manufacturing the valve of the McNeil patent, No. 912,597. This valve operates in a manner radically different from that of the plaintiff. It appears, also, that the defendant the John Douglas Company was dissatisfied with the McNeil valve and started to make a different flush valve in the latter part of 1914, shortly after the issue of the Sloan patent, and that upon notice from plaintiff it agreed to quit making this valve, as is shown by the John Douglas Company's letter of January 3, 1915. The defendant the John Douglas Company, in 1922, began the manufacture of another valve, under the Homeister patent, issued April 7, 1925.

An examination of the devices of the plaintiff and the defendants shows clearly that both make use of a main valve and an auxiliary valve with a laterally movable, longitudinally sliding, part, which is moved laterally to open the auxiliary valve, and which is then carried up by the main valve as it opens, and, if the handle is held in its actuating position, this laterally movable part descends as the main valve descends, strikes the top of the controlling device, and then slides longitudinally, so as to permit both valves to return to their closed positions while the controlling device is in its operative position, precisely as set out in claim 2 of the patent in suit.

[2] The defendants contend that they do not infringe this claim, because the laterally moving part of the plaintiff's patent is called a "stem," whereas they call this laterally moving part a "pin." They claim that, the defendant having called it a "pin," it cannot possibly be a "stem," although it is moved laterally by the same kind of mechanism used in the plaintiff's patent to open the auxiliary valve, exactly as set out in claim 2, and its action is in no manner modified or increased by calling it either a stem or a pin. Patentee can write his own dictionary, and infringer cannot escape by giving new or different names to the patented things.

The fact that the defendants' auxiliary valve is located in a different place from that of the plaintiff does not prevent the defendants from infringing the claim, as there is nothing in claim 2 of the patent in suit which circumscribes the location of the auxiliary valve. In determining the question of infringement, it is the structures and their functions that are to be compared, and not the names of the parts of such structures.

While claim 2 reads literally and functionally upon the defendants' valve, the defendants argue that something which is not in the claim should be read into it, solely for the purpose of permitting the defendants to escape infringement. This cannot be permitted.

Patent held valid and infringed. Decree may be prepared accordingly.